UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JARED MALIK WATSON, ET AL.                    CIVIL ACTION

VERSUS                                        NO: 24-730

TERRENCE PETERS, JR., ET AL.                  SECTION: "A" (1)

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 35)** and **Motion for Summary Judgment (Rec. Doc. 34)** filed by the defendants, Terrence Peters, Jr., Turquoise, LLC d/b/a Turquois Trucking, and Canal Insurance Co. (at times collectively "Defendants"). The plaintiff, Jared Malik Watson, opposes the motions; the intervenor, LUBA Indemnity Insurance Co., likewise opposes the motions. The motions, submitted for consideration on March 5, 2025, are before the Court on the briefs without oral argument.

This case is a rear-end accident wherein the defendant driver, Terrence Peters, Jr., struck the rear of the plaintiff's vehicle on I-10 West onto US 90B Pontchartrain Expressway.[1] Peters was driving a 2023 Freightliner owned by Turquoise, LLC d/b/a Turquoise Trucking. Watson, the plaintiff driver, contends that he sustained ongoing bodily injuries from the accident.

Defendants now move for summary judgment contending that the accident was unavoidable and that Peters was free from fault. Defendants also move to dismiss on the pleadings any direct or independent negligence claims for negligent hiring, training, supervision or retention of Peters.

---

[1] The plaintiff characterizes the impact as "violent." The dash cam video supports this assertion. But ultimately the jury will consider the video and decide the extent of the impact.

A jury trial in this matter is set for April 28, 2025.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any

2

material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The motion for summary judgment is easily denied based upon the dash cam video that the plaintiff submitted with his opposition. The plaintiff's position is that liability is clear and that he was free from fault. The Court's role is not to apportion fault but the video does not support Defendants' contention that the accident was unavoidable and that Peters was

3

free from fault. The motion for summary judgment is denied because there are genuine issues of material fact as to fault.

The motion to dismiss is likewise denied. As the plaintiff points out, this case is fast approaching trial so challenges to the allegations made in the removed state court petition are not only unconvincing at this juncture but also late in arriving. The Court is persuaded that <u>all</u> claims asserted in this case should be submitted to and decided by the jury.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 35)** filed by the defendants, Terrence Peters, Jr., Turquoise, LLC d/b/a Turquois Trucking, and Canal Insurance Co. is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 34)** filed by the defendants, Terrence Peters, Jr., Turquoise, LLC d/b/a Turquois Trucking, and Canal Insurance Co. is **DENIED**.

March 11, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4