UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JARED MALIK WATSON, ET AL. | CIVIL ACTION |
| VERSUS | NO: 24-730 |
| TERRENCE PETERS, JR., ET AL. | SECTION: "A" (1) |

**ORDER AND REASONS**

    The following motion is before the Court: **Motion in Limine Regarding Drug Use (Rec. Doc. 46)** filed by the plaintiff, Jared Malik Watson. The defendants, Terrence Peters, Jr., Turquoise, LLC d/b/a Turquois Trucking, and Canal Insurance Co. (at times collectively "Defendants"), oppose the motion. The motion, submitted for consideration on April 2, 2025, is before the Court on the briefs without oral argument.

    This case is a rear-end accident wherein the defendant driver, Terrence Peters, Jr., struck the rear of the plaintiff's vehicle on I-10 West onto US 90B Pontchartrain Expressway. Peters was driving a 2023 Freightliner owned by Turquoise, LLC d/b/a Turquoise Trucking. Watson, the plaintiff driver, contends that he sustained ongoing bodily injuries from the accident.

    Plaintiff now moves to exclude from trial any evidence or testimony regarding his use of marijuana, both in the past and at present, post-accident.

    A settlement conference in this matter is scheduled for April 4, 2025. A jury trial in this matter is set for April 28, 2025.

    The motion in limine is granted as to Plaintiff's pre-accident, past use of marijuana on a recreational basis because evidence of such is simply irrelevant to this case. There is no evidence that Plaintiff was using marijuana at the time of the accident or that Plaintiff had

1

any fault whatsoever for the accident.[1]

The Court is also persuaded that evidence of post-accident use of marijuana is likewise irrelevant to this case, and at the very least the probative value of such evidence is substantially outweighed by the likelihood of unfair prejudice. *See* Fed. R. Evid. 403. In their struggle to identify some relevance of the evidence to this case, Defendants have argued that Plaintiff's post-accident marijuana use is indicative of a failure to mitigate damages because absent marijuana use Plaintiff would have obtained post-accident employment. The evidence of record does not support the assertion that Plaintiff's use of marijuana following the accident, which according to his psychologist has derailed his life, (Rec. Doc. 49-4, Howze report at 1), has prevented him from obtaining employment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion in Limine Regarding Drug Use (Rec. Doc. 46)** filed by the plaintiff, Jared Malik Watson, is **GRANTED**. Any evidence or testimony regarding marijuana use is excluded and will not be presented to the jury at trial.

April 1, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court had the opportunity to view the dash cam video submitted in opposition to Defendants' prior motion for summary judgment, in which they made the easily-rejected argument that Peters had no fault in causing the rear-end collision.